UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:  WILLIAM CHARLES VALENTINE,                     No. 7-10-15009 JA

    Debtor.

---

CHERYL VALENTINE,

    Plaintiff,

v.                                                      Adversary No.  10-1199 J

WILLIAM CHARLES VALENTINE,

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court following a trial on the merits of this adversary proceeding to determine the dischargeability of a particular debt under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15). Plaintiff and Defendant appeared at the trial *pro se*. After consideration of the evidence presented at trial, the Court finds that the debt at issue is a debt owing to a former spouse that arises under a Final Decree entered by the Thirteenth Judicial District Court as the result of dissolution of marriage proceedings between the parties. Consequently the debt is non-dischargeable.

FACTS AND PROCEDURAL HISTORY

Defendant William Charles Valentine filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 1, 2010 as Case No. 7-10-15009 JA. Schedule F, entitled Creditors Holding Unsecured Priority Claims, filed in Defendant's bankruptcy case on October 1, 2010, lists Cheryl Valentine as an unsecured creditor with a claim in the amount of $55,000. *See* Case No. 7-10-15009 JA, Docket No. 1.

On December 2, 2010, Plaintiff Cheryl Valentine commenced this adversary proceeding by filing a "Complaint to Except from Discharge Domestic Support Obligations Owed by Defendant William Charles Valentine to Plaintiff Cheryl Valentine Under 11 U.S.C. § 523(a)(5)/11 U.S.C. § 523(a)(15)" ("Dischargeability Complaint"). Attached to the Complaint is a copy of the Final Decree of Dissolution of Marriage ("Final Decree") entered on March 17, 2009 by the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico in Case No. D 1329 DM 08-055, styled *William Charles Valentine v. Cheryl Cottage Valentine* ("State Court Dissolution of Marriage Proceeding"). Defendant agrees that the Final Decree was entered in the State Court Dissolution of Marriage Proceeding on March 17, 2009, and the Court admitted the Final Decree into evidence at trial.

Among other things, the Final Decree determined the separate and community debts of the parties, determined that each party was required to pay one-half of the community debt, including the monthly mortgage payment on the first mortgage and second mortgage on certain property located at 10 Crestwood Loop, Tijeras, New Mexico ("Property"), and determined further that William Valentine was required to send to Cheryl Valentine one-half of the monthly mortgage payments on the Property. The Final Decree also provided that "[n]either party should pay spousal support to the other." At trial, the Court also entered into evidence a Minute Order entered in the State Court Dissolution of Marriage Proceeding on November 9, 2009. The debt at issue in this adversary proceeding is the award in favor of Cheryl Valentine as reflected in the Final Decree and the Minute Order, and any further orders entered in the State Court Dissolution of Marriage Proceeding on the debt owing by Defendant to Plaintiff under the Final Decree.

## DISCUSSION

Plaintiff requests the Court to declare the debt at issue in this adversary proceeding non-dischargeable under either 11 U.S.C. § 523(a)(5); or, alternatively, under 11 U.S.C. § 523(a)(15). Those sections provide:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> (5) for a domestic support obligation;
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (15) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.
>
> 11 U.S.C. §§ 523(a)(5) and (15).

Sections 523(a)(5) and (a)(15) were amended as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). After BAPCPA, the balancing test and the debtor's ability to pay were eliminated from 11 § 523(a)(15).[1] Defendant's evidence relating to his ability to pay the debt is, therefore, not relevant to the determination of non-dischargeability under 11 U.S.C. § 523(a)(15). In addition, whether a debt is, in fact, a "domestic support obligation" as defined under the Bankruptcy Code,[2] and, therefore non-dischargeable under 11 U.S.C. § 523(a)(5), or a debt arising from a divorce that does not fit within the definition of

---

[1] *See In re Prensky,* 416 B.R. 406, 409 (Bankr.D.N.J. 2009), *aff'd,* 2010 WL 2674039 (D.N.J. June 30, 2010)(stating that BAPCPA "modified § 523(a)(15) to remove, among other things, the 'ability to pay' component, thereby no longer conditioning the discharge of debts of the nature described in § 523(a)(15) upon the Debtor's ability to pay."); *In re Gonzalez,* 2010 WL 2650443, *4 (Bankr.D.Puerto Rico June 29, 2010)(stating that the amendments enacted as part of BAPCPA "eliminated the affirmative defenses (exceptions) previously included in subparts (A) and (B) of Section 523(a)(15), namely the undue burden defense (debtor's ability to pay) and the balancing test (whether a debtor would gain more than his domestic relations creditors would lose were the debtor granted a discharge), which if proven by the debtor, allowed the court to discharge a marital property settlement obligation.")(citation omitted). *See also, In re Burkhalter,* 389 B.R. 185, 188 (Bankr.D.Colo. 2008)(noting that after BAPCPA neither the undue burden defense nor the balancing test apply as affirmative defenses to 11 U.S.C. § 523(a)(15)).

[2] A domestic support obligation includes an obligation owed to a former spouse that is "in the nature of alimony, maintenance or support." 11 U.S.C. § 101(14A).

3

"domestic support obligation," and, consequently non-dischargeable under 11 U.S.C. § 523(a)(15), is immaterial because both types of debts are non-dischargeable in a Chapter 7 case.[3]

In this case, because it is uncontested that the debt at issue arises from the Final Decree and the Minute Order entered in connection with the State Court Dissolution of Marriage Proceeding, the debt necessarily is either a domestic support obligation because it is "in the nature of alimony, nature, or support" (a determination the Bankruptcy Court can make regardless of the determination by the State Court that "neither party shall pay spousal support to the other"); or it is **not** a domestic support obligation, but is a post-marital debt to a former spouse that arose during the course of a divorce proceeding. Consequently, the debt is non-dischargeable. The Court need not, and, in fact, does not make a determination of whether the debt is a "domestic support obligation" in order to reach its conclusion of non-dischargeability.

Defendant requests the Court to determine as part of this adversary proceeding whether Plaintiff can enforce her judgment against his Veteran's Disability Benefits and Social Security Benefits. Defendant asserts that his Veteran's Disability Benefits and Social Security Benefits are exempt from attachment under applicable federal non-bankruptcy statutes. The Court declines to consider this issue.

When the debt at issue has been reduced to judgment in the State Court Dissolution of Marriage Proceeding, the province of this Court is to determine whether the debt at issue is dischargeable.[4] The issue of whether the Plaintiff can then enforce the state court judgment on

---

[3] *See In re Johnson,* 397 B.R. 289, 295 (Bankr.M.D.N.C. 2008)(stating that "[i]n cases under Chapters 7, 11, and 12 of the Bankruptcy Code, the distinctions between DSOs, governed by Section 523(a)(5), and other types of post-marital obligations, governed by Section 523(a)(15), are immaterial because both types of debts are nondischargeable and must be paid in full.")(citation omitted); *In re Ginzl,* 430 B.R. 702, (Bankr.M.D.Fla. 2010)(noting that "BAPCPA removed the balancing test from Section 523(a)(15) and made the distinction between domestic support obligations and other obligations arising from a divorce immaterial in a dischargeability analysis.")(citing 4 Collier on Bankruptcy, ¶ 523.23, at 523-124 (16th ed. 2009).

[4] *See* 28 U.S.C. § 157(b)(1) and (2)(I)(providing that "[b]ankruptcy judges may hear and determine . . . all core proceedings" which include "determinations as to the dischargeability of particular debts.").

4

the debt by attaching Defendant's Veteran's Administration Benefits or his Social Security Benefits is an issue best decided by the state court.⁵ As noted by the Bankruptcy Court of the Western District of Tennessee, "[t]here is no federal law of domestic relations."⁶ The Court, therefore, finds that it should abstain from exercising jurisdiction over enforcement issues in the interest of comity with the state court because those issues are better suited for resolution by the state court that issued the Final Decree and the Minute Order.⁷ A judgment consistent with this Memorandum Opinion will be entered.

                                                                  /s/ Robert H. Jacobvitz
                                                                  ROBERT H. JACOBVITZ
                                                                  United States Bankruptcy Judge

Date entered on docket: March 3, 2011

COPY TO:

Cheryl Valentine                           William Charles Valentine
Plaintiff                                         Defendant
PO Box 855                                    2633 San Pablo NE
Cerillos, NM 87010                      Albuquerque, NM 87110

---

⁵ *Cf. Robbins v. Breckenridge (In re Robbins),* 1997 WL 34726864, *10 (Bankr.W.D.Tenn. August 13, 1997)(after finding that the obligations were non-dischargeable under 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15), the bankruptcy court concluded that the state court should determine remaining issues, such as enforcement, or modification of the support obligations).

⁶ *Id.* at *10 (citing *DeSylva v. Ballentine,* 351 U.S. 570, 580 (1956)).

⁷ *Id.* (reasoning that, "the federal bankruptcy court generally should not intrude into the States' traditional authority over domestic relations" and concluding that the court should abstain, *sua sponte* in the interest of comity with the state court)(citations omitted). *See also,* 28 U.S.C. § 1334(c)(1)(discretionary abstention).